# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SMB CAPITAL, LLC, BERNSTEIN
EQUITY PARTNERS, LLC and BD
MD-87, LLC,

        Plaintiffs,

v.                                Case No:   6:25-cv-292-GAP-LHP

GLOBAL AEROSPACE, INC. and
GLOBAL AEROSPACE
UNDERWRITING MANAGERS
(CANADA) LIMITED,

        Defendants

---

## ORDER

On May 28, 2025, the Court issued a Case Management and Scheduling Order ("CMSO") establishing Plaintiffs' expert disclosure deadline as December 1, 2025, Defendants' expert disclosure deadline as January 2, 2026, and the close of discovery as February 16, 2026. Doc. No. 45, at 1. Now before the Court is Plaintiffs' Motion to Extend Deadline for Disclosure of Expert Reports (Doc. No. 73), through which Plaintiffs request that their expert disclosure deadline be extended to February 2, 2026 and Defendants' deadline to March 2, 2026. Doc. No. 73. Although the time for Defendants to respond has not yet expired, the Court

does not require the benefit of a response. For the following reasons, the motion (Doc. No. 73) will be denied without prejudice.[1]

First, the motion fails to contain a memorandum of law as required by Local Rule 3.01(b).

Second, the motion fails to address all of the requirements set forth in the CMSO for seeking an extension of case management deadlines. *See* Doc. No. 45, at 5. In addition, the requested extensions are incompatible with the other CMSO deadlines in that the proposed March 2, 2026 deadline for Defendants' expert disclosures is two (2) weeks after the close of all discovery, and Plaintiffs' motion does not address the January 16, 2026 rebuttal expert deadline. *Id.*, at 1.

Third, the motion was filed at 5:11 p.m. on Plaintiffs' expert disclosure deadline, making the motion arguably untimely. And Plaintiffs fail to establish either good cause or excusable neglect for the requested extensions. *See* Fed. R. Civ. P. 6(b)(1)(B); Fed. R. Civ. P. 16(b). The sole basis for the requested extensions is that a motion to dismiss and/or stay is currently pending before the Court, and that any extensions would "promote efficiency." Doc. No. 73, at 2. In other

---

[1] Plaintiffs represent that their motion is unopposed because Defendants' counsel "does not presently have authority to consent to the requested relief," and therefore "Defendants take no position at this time regarding the requested extension." Doc. No. 73, at 2. Not so. An inability to provide a position at the time a motion is filed does not render the motion unopposed, but rather triggers the conferral requirement of Local Rule 3.01(g)(3), which is not mentioned in the motion.

words, it appears from the motion that Plaintiffs have delayed engaging in expert discovery during the pendency of Defendants' motion to dismiss and/or stay. Indeed, the motion is notably silent on what efforts Plaintiffs have undertaken to date with respect to discovery – expert or otherwise.

The pendency of a dispositive motion does not provide good cause or excusable neglect for extending a discovery deadline, particularly in the absence of any argument that Plaintiffs have been diligent in their discovery efforts to date. *See, e.g.*, *Scheffler v. Chitwood*, No. 6:23-cv-1634-JSS-DCI, 2024 WL 4544269, at *3 (M.D. Fla. Oct. 22, 2024) (citations and quotations omitted) (denying motions to extend CMSO deadlines where plaintiff delayed discovery pending resolution of a motion to dismiss, noting that "taking too long to conduct discovery. . . is not due diligence and thus not good cause"); *Gillio v. US Bank NA*, No. 6:12-cv-1548-Orl-36TBS, 2013 WL 12387342, at *2 (M.D. Fla. July 1, 2013) (denying request to extend discovery deadline because "[a]waiting a decision on the motion to dismiss is not a sufficient reason to extend any of the other deadlines in the CMSO."). *See also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("District courts are required to enter a scheduling order . . . . Such orders control the subsequent course of the action unless modified by a subsequent order, and may be modified only upon a showing of good cause. This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension."

(citations and internal quotation marks omitted)); *Howard v. Wilkinson*, No. 6:17-cv-1473-Orl-40GJK, 2019 WL 10855186, at *1 (M.D. Fla. May 16, 2019) ("Rule 16(b)(4)'s 'good cause' standard is a rigorous one, focusing not on the good faith of or the potential prejudice to any party, but rather on the parties' diligence in complying with court-imposed deadlines." (citing *Sosa*, 133 F.3d at 1418)); Doc. No. 45, at 5 ("Failure to complete discovery within the time established by this Order shall not constitute cause for continuance."). *Cf. Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 686 (11th Cir. 2013) (finding no abuse of discretion where district court denied plaintiff's motion to extend discovery, filed one day before the discovery deadline, given plaintiff's delay in even beginning the discovery process).

For these reasons, Plaintiffs' motion (Doc. No. 73) is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Orlando, Florida on December 3, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record