**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SMB CAPITAL LLC; BERNSTEIN
EQUITY PARTNERS, LLC; and
BD MD-87, LLC,

        Plaintiffs,

v.                                       Case No.   6:25-cv-292-GAP-LHP

GLOBAL AEROSPACE
UNDERWRITING MANAGERS
(CANADA) LIMITED; and GLOBAL
AEROSPACE, INC.,

        Defendants.
_____/

**ORDER**

This cause came before the Court for consideration without oral argument on Plaintiffs' Objections to the Magistrate Judge's Report and Recommendation. Doc. 75; Doc. 76. The Court has also considered Defendants' Response. Doc. 78.

**I.**     **Background**

On February 21, 2025, Plaintiffs SMB Capital LLC, Bernstein Equity Partners, LLC, and BD MD-87, LLC (collectively, "Plaintiffs") filed suit against Defendants Global Aerospace Underwriting Managers (Canada) Limited and Global Aerospace, Inc.'s (collectively, "Defendants") alleging state law claims for breach of

an insurance contract and declaratory judgment.[1] *See* Doc. 1. On May 12, 2025, Plaintiffs filed their Second Amended Complaint after several missteps attempting to properly plead diversity jurisdiction; their claims (related to Defendants' denial of coverage for damages to an insured aircraft) remained unchanged. *See* Doc. 41; *see also* Doc. 9; Doc. 11; Doc 19; Doc. 29; Doc. 31; Doc. 33.

On June 10, 2025, Defendants filed the instant Amended Motion to Dismiss citing lack of personal jurisdiction and, alternatively, seeking to stay the case pending the outcome of related litigation in Canada. Doc. 49. Defendants attached substantial evidence to support their motion while Plaintiffs relied upon their contention that they had made a sufficient *prima facie* showing that this Court has jurisdiction over the parties. *See* Doc. 53; *see also* Doc. 75 at 4, n.3 (describing that Plaintiffs' attempt to introduce untimely affidavits was denied and that their evidence would not alter the R&R's conclusions in any event).

On December 23, 2025, the Magistrate Judge issued her report recommending that this Court dismiss Plaintiffs' case against Defendants for lack of personal jurisdiction or, in the alternative, stay the case pending resolution of the Canadian litigation. *See* Doc. 75 at 5. On January 6, 2026, Plaintiffs filed timely Objections to

---

[1] The initial Complaint included an additional plaintiff, Augusta Aviation (Cayman), Inc., but it was not included as a party in Plaintiffs' operative Second Amended Complaint. *See* Doc. 1; Doc. 11; Doc. 41.

the R&R, to which Defendants Responded in Opposition.[2] Doc. 77. The matter is ripe for adjudication.

## II. Legal Standard

A party may challenge the findings and recommendations of a magistrate judge by filing "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 783 (11th Cir. 2006) (unpublished) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir.1989)).[3] "Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report…to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* at 783-84.

---

[2] In the interim, however, Plaintiffs inexplicably filed a Motion to Stay and Administratively Close the Case pending the Canadian litigation—a request they had already made in their Objections—apparently to inform the Court that Plaintiffs "consent to entry of a stay." *Compare* Doc. 77 *to* Doc. 76 at 5-6. Plaintiffs' consent is not material to whether this Court issues a stay under present circumstances.

[3] The Court relies on *Macort*, an unpublished decision, only insofar as it quotes from the language of *Heath*, a published decision of the Eleventh Circuit.

### III. Analysis

In their Objections, Plaintiffs deploy four separate headings to push the same misguided argument that the R&R erred by finding that exercising personal jurisdiction over Defendants did not comport with due process. Doc. 76 at 2-4. Each of these frivolous contentions rests upon the fiction that the Magistrate Judge evaluated Defendants' Florida contacts "in isolation, rather than assessing the **totality** of [their] forum-direct conduct." *Id.* at 2 (emphasis original). Tellingly, Plaintiffs provide zero citations for their accusation. *See, e.g., id.*

Instead, Plaintiffs half-heartedly cite to facially-distinguishable Eleventh Circuit precedent setting out broad principles of the personal jurisdiction analysis as purported authority for their frivolous arguments (as they did in their response to Defendants' Amended Motion to Dismiss). *See, e.g., id.* at 3 (citing to cases involving tortious interference and other tortious conduct in support of their vague and overbroad statement about purposeful availment in this breach of insurance contract case).[4]

The R&R plainly considered the contacts Plaintiffs ascribe to Defendants in totality, it just concluded—to Plaintiffs' disapproval—that "courts have firmly

---

[4] *See also* Doc. 75 at 27, n. 12 ("The majority of the decisional authority Plaintiffs rely upon merely set forth the general principles for personal jurisdiction.").

rejected [their] arguments."[5] *See* Doc. 75 at 21-28, 26. Nevertheless, Plaintiffs insist that their incontrovertibly *unilateral* action to fly the subject aircraft to Florida for repairs (after it was damaged in Africa) does not dilute Defendants' subsequent claim-handling activities there such as to offend the principles of due process. *See* Doc. 76 at 2-5. Their repetitive, tired argument—in which they have strainingly divided these extremely limited activities into *five* different purported "contacts"— was rightly rejected by the Magistrate Judge.[6] *See* Doc. 76 at 23-24 (citing *Meyer v. Auto Club Ins. Ass'n*, 492 So.2d 1314, 1315 (Fla. 1986)).

There is a plethora of evidence and law to support the R&R's conclusion: Defendants "do[] not have any offices, or employees within Florida, do[] not engage in any business in Florida, and [the underlying insurance policies here] were negotiated and issued in Canada, using Canadian insurers[—even] a Canadian broker represented Plaintiffs." Doc. 75 at 25. Plaintiffs' reliance on Defendants' isolated, reactive contact to their own presence in Florida is insufficient to support personal jurisdiction. *See, e.g.*, *Royal Acquisitions 001, LLC v. Ansur Am. Ins. Co.*, No.

---

[5] *See* Doc. 75 at 25 ("In performing this analysis, we identify all contacts between a nonresident defendant and a forum state and ask whether, **individually or collectively**, those contacts satisfy this criteria.") (emphasis added) (quoting *King & Hatch, Inc. v. S. Pipe & Supply Co.*, 435 F.2d 43, 46 (5th Cir. 1970)).

[6] Defendants allegedly retained a claims adjuster to "inspect[] the Aircraft in Florida on October 12, 2023." Doc. 76 at 9. There are no further allegations of Defendants engaging in any activities in Florida—only baseless speculation and argument. *See generally id.*

14-20914-CIV, 2015 WL 1437689, at *5 (S.D. Fla. Mar. 27, 2015) ("Florida courts have held that an investigation by an agent…of the insured in Florida and/or refusal to pay the claim does not constitute a breach of contract in Florida so that jurisdiction would attach.") (citing *Kanawha Ins. Co. v. Morrison*, 394 So. 2d 1147, 1147 (Fla. Dist. Ct. App. 1981)).

Plaintiffs' contentions regarding unilateral acts and foreseeability—that insurers of aircraft or automobiles are to be subject to personal jurisdiction wherever their insureds happen to travel and file a claim—are irrational and are supported by no legal authority.[7] *See, e.g.*, Doc. 76 at 4-5. The R&R correctly concluded that Plaintiffs have not carried their burden to demonstrate that exercising personal jurisdiction over Defendants comports with due process and Plaintiffs' Objections raise no arguments that were not properly rejected by the Magistrate Judge. Therefore, Defendants' Amended Motion to Dismiss is due to be **GRANTED**.

Consequently, Plaintiffs' argument (and duplicative motion) in favor of staying the case is **DENIED as moot**.

### IV. Conclusion

---

[7] Indeed, Plaintiffs' counsel appears to have essentially conceded the frivolity of these arguments already in open (Canadian) court. *See* Doc. 78 at 4.

Accordingly, it is **ORDERED** that Plaintiffs' Objections to the Report & Recommendation (Doc. 76) are hereby **OVERRULED**:

1. The Report & Recommendation is hereby **CONFIRMED AND ADOPTED** as part of this Order;

2. Defendants' Amended Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 49) is hereby **GRANTED**;

3. Defendants' Alternative Motion to Stay is **DENIED as moot**;

4. All claims against Defendant Global Aerospace, Inc. are hereby **DISMISSED with prejudice**;[8]

5. All claims against Defendant Global Aerospace Underwriting Mangers (Canada) Limited are hereby **DISMISSED without prejudice**;[9]

6. Plaintiffs' (duplicative) Motion to Stay (Doc. 77) is hereby **DENIED as moot.**

**The Clerk is directed to close the case.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 26, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[8] Plaintiffs conceded that Defendant Global Aerospace, Inc. is not a proper party and requested they be dismissed from this action. Doc. 75 at 11.

[9] Dismissals for lack of jurisdiction are without prejudice. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997).

Copies furnished to:

Counsel of Record
Unrepresented Party